UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA M. WHITE, | ) |
| Plaintiff, | ) Case No. 15 C 8185 |
| v. | ) Magistrate Judge Sidney Schenkier |
| ELIZABETH K. RICHERT | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On July 17, 2015, plaintiff Anna M. White ("Ms. White"), at 91 years old, filed a Petition for Production of Deed and Accounting (the "Petition") in the Circuit Court of Lake County, Illinois, against her niece, defendant Elizabeth K. Richert ("Ms. Richert"). On September 18, 2015, defendant filed a Notice of Removal to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. §§1332, 1441, and 1446 (doc. # 1: Notice of Removal). Defendant then moved to dismiss the case for improper venue and to transfer venue (doc. # 8). However, after the district judge recommended the parties consider settlement negotiations in light of the intra-family nature of the dispute and plaintiff's advanced age, among other issues (doc. # 16: 10/08/2015 Order), the parties asked that briefing on the motion be stayed so that they could pursue settlement talks (doc. # 17: 10/20/2015 Order). Shortly after the matter was referred to this Court for settlement, the parties consented to this Court's jurisdiction on November 30, 2015 (doc. # 26).

After conducting a settlement conference on December 8, 2015, this Court held numerous follow-up telephone conferences with the parties, during the course of which the parties

---

[1]On November 30, 2015, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 26).

informed the Court that they were close to finalizing a settlement agreement (*see, e.g.*, doc. # 32: 03/02/2016 Min. Entry). By April 19, 2016, however, the parties informed the Court that they had concluded that they were unable to reach settlement (doc. # 38: 04/19/2016 Min. Entry). We then set a briefing schedule on defendant's motion to dismiss for improper venue and to transfer venue, and granted defendant leave to file a motion to dismiss for failure to state a claim (doc. # 41: 04/29/2016 Min. Entry). Defendant filed her motion to dismiss on May 3, 2016 (doc. # 42). Both motions are now fully briefed. For the reasons that follow, we deny both of defendant's motions.

## I.

On a motion to dismiss for failure to state a claim, we accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See White v. Keely*, 814 F.3d 883, 887-88 (7th Cir. 2016). We set forth the relevant, well-pleaded factual allegations below.

In the Petition, Ms. White alleges that when her brother, Robert L. Richert (defendant's uncle), died on November 9, 2009, defendant became executor of his will and trustee for his trust (the "Robert Trust"), which divided assets equally between defendant and Ms. White (Notice of Removal, Ex. A: Pl.'s Pet. for Production of Deed and Accounting, ¶ 5). On November 11, 2010, Ms. White, using defendant as her attorney, purchased a residence in Buffalo Grove, Illinois (the "Residence") with funds from the Robert Trust (*Id.*, ¶ 6). Although Ms. White expected title to the Residence to be in her name, the title to the Residence was never placed in Ms. White's name (*Id.*, ¶¶ 6-7). Nevertheless, Ms. White contends that at defendant's demand, Ms. White pays annual real estate taxes on the Residence (*Id.*, ¶ 9).

2

In July 2011, defendant prepared a receipt and release (the "Release"), which Ms. White signed, to release Ms. White's interest in the Robert Trust in exchange for a quitclaim deed to the Residence (the "Quitclaim Deed") (Pl.'s Pet., ¶¶ 12, 14; *see also* Pl.'s Pet., Ex. A).[2] Defendant was acting as Ms. White's attorney when Ms. White signed the Release (*Id.*, ¶ 14). Ms. White alleges that she was not shown a copy of the Robert Trust or given a chance to examine the Robert Trust's assets before signing the Release (*Id.*, ¶ 15). The Quitclaim Deed purporting to transfer title in the Residence to Ms. White was never recorded (*Id.*, ¶¶ 13, 18).

In February 2013, Ms. White discovered that the title to the Residence was not in Ms. White's name, but rather was in the name of defendant Elizabeth Richert, as trustee of the Robert Trust (Pl.'s Pet., ¶¶ 8, 11). Since, under the Release, Ms. White is no longer a beneficiary of the Robert Trust, defendant is the sole beneficiary of the Robert Trust, which includes as one of its assets title to the Residence (*Id.*, ¶ 13). Ms. White alleges that defendant has refused to produce an accounting of the Robert Trust, the original Quitclaim Deed, or other document transferring title in the Residence to Ms. White (*Id.*, ¶¶ 16, 18).

Ms. White contends that defendant created a conflict of interest and breached her fiduciary and other duties as Ms. White's attorney by her actions in connection with failing to put title to the Residence in Ms. White's name, having Ms. White release her interest in the Robert Trust while defendant was trustee and beneficiary of the Robert Trust, and continuing to refuse to produce a recordable deed to the Residence (Pl.'s Pet., ¶ 19). Ms. White asks that the Court order defendant to produce a deed transferring legal title to the Residence to Ms. White, dissolve the Release, and provide an accounting for the Robert Trust (*Id.*, at 4).

---

[2] The Court may consider the Release and the Quitclaim Deed on Ms. Richert's motion to dismiss because "a court ruling on a motion to dismiss can rely on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Olson v. Bemis Co.*, 800 F.3d 296, 305 (7th Cir. 2015) (internal quotations omitted).

## II.

We first address defendant's motion to dismiss Ms. White's Petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. # 42: Richert's 12(b)(6) Mot. to Dismiss). To survive a motion to dismiss, a complaint need not contain "'detailed factual allegations,' but it must provide 'more than an unadorned the-defendant-unlawfully-harmed-me accusation.' It also 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *White*, 814 F.3d. at 888 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Even so, the complaint does not need to state all possible legal theories." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error").

Defendant argues that two independent reasons warrant dismissal of the Petition: (1) the Release discharged defendant individually and as personal representative of the Robert Trust so she was no longer liable for any claims and accounting regarding the distribution of the Robert Trust; and (2) Ms. White's claims of breach of fiduciary duty are barred by the statute of limitations (Richert's 12(b)(6) Mot. at 2-3). We address each of these arguments in turn.

## A.

Defendant contends that the terms of the Release are unambiguous and make clear that Ms. White released Ms. Richert individually and as personal representative and trustee from all claims related to distribution of the Robert Trust property (Richert's 12(b)(6) Mot. at 4-5). However, the alleged clarity of the Release does not establish its enforceability. Ms. White's Petition alleges that the Release and accompanying Quitclaim Deed are not enforceable because

4

they were the product of a "course of conduct by Richert of breach of fiduciary duty and breach of Richert's duty of honesty and loyalty as Anna's attorney" (Pl.'s Pet., at 4). Ms. White contends that defendant had her sign the Release and Quitclaim Deed while defendant was Ms. White's attorney, and that defendant personally benefited from Ms. White's signature on these documents to the detriment of Ms. White. In her reply, defendant asserts that her alleged role as Ms. White's attorney has nothing to do with the enforceability of the Release of any claims Ms. White might assert against defendant in her role as Trustee of the Robert Trust or individually (doc. # 46: Reply at 3). We are not persuaded.

The attorney-client relationship imposes "fiduciary duties . . . upon an attorney . . . of fidelity, honesty, and good faith, both in the discharge of contractual obligations to, and professional dealings with, a client." *Doe v. Roe*, 681 N.E.2d 640, 645 (Ill. App. 1997). "When, in the course of his professional dealings with a client, an attorney places personal interests above the interests of the client, the attorney is in breach of fiduciary duty by reason of the conflict." *Id.* "Due to the fiduciary duty an attorney owes a client, . . . a presumption of undue influence arises when an attorney enters into an agreement or transaction with a client after the attorney-client relationship exists and the attorney benefits from the agreement or transaction." *Bruzas v. Richardson*, 945 N.E.2d 1208, 1214 (Ill. App. 2011) (citing *In re Marriage of Pagano*, 607 N.E.2d 1242 (Ill. 1992)). Where a fiduciary engages in self-dealing, the court will impose an equitable remedy "to prevent a person from holding for his own benefit an advantage gained by the abuse of a fiduciary relationship." *People ex rel. Daley v. Warren Motors, Inc.*, 500 N.E.2d 22, 26 (Ill. 1986).

Here, the complaint alleges that the Release constituted a transaction between Ms. White and her attorney, Ms. Richert, which thus subjects the transaction to "the closest scrutiny."

*Pagano*, 607 N.E.2d at 1247. Even if the Release was a clear, unambiguous contract, Ms. White contends that the "contract is void because it resulted from breach of a fiduciary duty . . ." *Worner Agency, Inc. v. Doyle*, 479 N.E.2d 468, 475 (Ill. App. 1985). In her Petition, Ms. White alleges that defendant persuaded her to enter into the Release -- which gave up Ms. White's interest in the Robert Trust and left defendant, her attorney, as the sole beneficiary of the Robert Trust -- in exchange for a Quitclaim Deed to the Residence. However, title to the Residence remains in defendant's name, as trustee of the Robert Trust, and the Quitclaim Deed was never recorded. Thus, Ms. White seeks an accounting, dissolution of the Release and title to the Residence. With these allegations, Ms. White's Petition meets the standards of *Iqbal* and *Twombly* in setting forth sufficient factual allegations to state a claim against Ms. Richert.

**B.**

Defendant also contends that Ms. White's Petition should be barred under the statute of limitations. Defendant relies on an Arizona statute that limits actions by a trust beneficiary against a trustee to two years after the beneficiary's interest in the trust was terminated (Richert's 12(b)(6) Mot. at 5-6, citing Arizona Revised Statutes ("A.R.S.") § 14-11005(c)). Defendant contends that this statute of limitations applies because the Robert Trust was executed in Arizona (Richert's 12(b)(6) Mot., Ex. 2). Ms. White disputes that Arizona law applies. Instead, she argues that the five-year "catch-all" limitations period in 735 ILCS 5/13-205 applies (doc. # 44: White's Resp. at 2). *See Landis v. Marc Realty, L.L.C.*, 919 N.E.2d 300, 303 (Ill. 2009) (describing section 5/13-205 of the Code as a "catch-all" provision). We conclude that it would be premature to dismiss this case based on the statute of limitations for two reasons.

*First*, it is by no means clear that the Arizona statute of limitations applies. In Illinois, there is a "strong presumption that the forum state will apply its own statute of limitations."

*Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, USA, Inc.* 770 N.E.2d 177, 194 (Ill. 2002)). "Illinois courts apply the Illinois statute of limitations 'because statutes of limitations are procedural, fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights.'" *Ennenga*, 677 F.3d at 774 (quoting *Freeman v. Williamson*, 890 N.E.2d 1127, 1133 (Ill. App. 2008)). Moreover, many of the challenged actions in this case occurred in Illinois. Thus, we cannot conclude based on the record at this time that the Arizona statute of limitations applies.

*Second*, even if the Illinois statute of limitations governs, it is unclear on this record whether plaintiff's claim is timely. Ms. White's Petition contends that defendant breached her duties as Ms. White's attorney, not -- as defendant contends -- as Trustee of the Robert Trust. Contrary to Ms. White's assumption, however, the catch-all statute of limitations in section 5/13-205 of the Illinois Code may not apply. That section applies to "all civil actions not otherwise provided for . . ." However, Illinois has a specific statute of limitations, 735 ILCS 5/13–214.3, that applies "to all claims against attorneys concerning their provision of professional services," including both tort and contract claims, such as breach of fiduciary duty or legal malpractice. *Evanston Ins. Co. v. Riseborough*, 5 N.E.3d 158, 166 (Ill. 2014). Section 5/13-214.3 states that any action for damages based on tort, contract, or otherwise against an attorney arising out of an act or omission in the performance of professional services must be commenced within two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought and not later than 6 years after the date on which the act or omission occurred. 735 ILCS 5/13-214.3(b) and (c).

In her Petition, Ms. White states that she discovered in February 2013 that title to the Residence was never placed in her name. If the inquiry ended there, Ms. White's complaint

would be untimely under Section 5/13-214.3 (but not under the catch-all limitations period), since it was filed in state court on July 17, 2015, more than two years later. However, Ms. White alleges that defendant's violations of her duties to Ms. White continued through the date Ms. White filed her Petition in state court in July 2015, because defendant continued to refuse to record the Quitclaim Deed or to produce any recordable deed to the Residence, and defendant refused to provide an accounting of the Robert Trust to Ms. White (Pl.'s Pet., ¶¶ 7-8, 13, 19).

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (internal citations and quotations omitted). Although dismissal may be appropriate where a plaintiff alleges facts establishing a statute of limitations violation, the Seventh Circuit has "cautioned that this irregular approach is appropriate only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* (internal citations and quotations omitted). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Id.*

This case does not warrant taking the "unusual step" of dismissing Ms. White's complaint as untimely at this stage. *Sidney Hillman*, 782 F.3d at 928. Discovery will allow the parties -- and the Court -- to better assess the statute of limitations defense. For now, Ms. White has set forth "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense." *Id.*

## III.

Next, we address defendant's motion to dismiss for improper venue or to transfer venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) (Richert's 12(b)(3) Motion). As the district judge noted at the start of this case, this motion is more appropriately considered under 28 U.S.C. § 1391, which discusses where venue is proper generally, than under 28 U.S.C. § 1406, which addresses how a district court shall cure defects in venue (doc. # 16: 10/08/15 Min. Entry).

Section 1391(b)(2) states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In this case, Ms. White has sued Ms. Richert to obtain title to her Residence, which is located in Buffalo Grove, Illinois. The basis for her lawsuit is a Release and Quitclaim Deed that Ms. Richert drafted, which were signed and notarized in Illinois while Ms. Richert was acting as Ms. White's attorney (See Pl.'s Pet., Ex. A). These facts show that a substantial part of the events giving rise to Ms. White's claim occurred in Illinois, and that a substantial part of the property that is the subject of the action is situated in Illinois. 28 U.S.C. § 1391(b)(2).

Defendant's attempt to frame this case as substantially based in Florida or Arizona is not persuasive. Defendant argues that she is a Florida resident, and that therefore, any ongoing breach she is committing, or any future order requiring her to execute or produce a deed to the Illinois Residence, would take place in Florida (Richert's 12(b)(3) Mot. at 3). Defendant attached to her motion her own affidavit and an affidavit from her attorney attempting to dispute Ms. White's contention that defendant is licensed to practice law in Illinois and that she represented Ms. White in legal matters in Illinois (Id. at 2). Defendant also attached documents to her motion

9

to dismiss purporting to show that the Robert Trust was executed in Arizona (*Id.* at 4; *see also Id.*, Ex. A).

However, these factors do not provide a basis for transferring venue under Section 1391. The test for a determination of proper venue under Section 1391(b)(2) "is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015). The Residence, Release and Quitclaim Deed -- all executed or located in Illinois -- constitute a substantial portion of Ms. White's lawsuit, much more so than the Robert Trust. Moreover, defendant's contentions that she is not licensed to practice law in Illinois and that she never served as Ms. White's attorney do not affect the issue of venue. These are factual disputes that will be addressed at the appropriate time later in this lawsuit.

In closing, we note that "civil venue is a creature of statute, intended to limit the potential districts where one may be called upon to defend oneself in any given matter to those that are fair and reasonably convenient." *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013) (citing 28 U.S.C. § 1391(b)). In this case, fairness and convenience heavily favors Ms. White's choice of venue in Illinois. Ms. White is elderly: she is over 90 years old. Forcing her to litigate in Florida her claim for title to her Residence in Buffalo Grove, Illinois, would be unfair and inconvenient. We deny defendant's motion to transfer venue.

## **CONCLUSION**

Based on the foregoing analysis, we deny defendant's 12(b)(6) motion to dismiss (doc. # 42), and we deny defendant's 12(b)(3) motion to dismiss or transfer venue (doc. # 8).

**ENTER:**

*[signature]*

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: June 28, 2016**