UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kathleen White Murphy and Thomas White, as co-administrators of the Estate of Anna M. White, | ) ) ) ) | |
| plaintiffs, | ) ) | |
| | ) | Hon. Heather K. McShain, M.J. |
| v. | ) ) | No. 15 C 8185 |
| Elizabeth Richert, | ) ) | |
| defendant. | ) ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
IN THEIR FAVOR AND AGAINST ELIZABETH RICHERT ON
COUNT II OF HER FIRST AMENDED COUNTERCLAIM**

Plaintiffs Kathleen White Murphy and Thomas White, as co-administrators of the Estate of Anna M. White, by their undersigned attorneys, request that this Court enter an order pursuant to Federal Rule of Civil Procedure 52(c) entering judgment in their favor and against Elizabeth Richert on Count II of her first amended counterclaim (ECF No. 51), which is the only count remaining therein, on the grounds that Richert has not proffered any evidence on the sole issue to be tried, and in support of their motion state:

Count II of Elizabeth Richert's first amended counterclaim is the sole count that survived for trial. Previously, on October 21, 2016, Counts III through VII were dismissed for failure to state a claim. ECF No. 86. Later, in October 2019, Elizabeth Richert dismissed Count I of her first amended counterclaim with prejudice. ECF Nos. 332—33.

Before substitution of the current plaintiffs as co-administrators of their deceased mother's estate, Anna White filed a motion to dismiss the entire first amended counterclaim, and the Hon. Sidney I. Schenkier allowed Count II to stand for trial. While Judge Schenkier did

1

not think highly of Richert's indemnification claim in light of *Chicago Housing Auth. v. Federal Security Inc.,* 161 F.3d 485, 488 (7th Cir. 1998), and *Illinois Farmers Insurance Co. v. Keyser,* 2011 Ill. App. 3d 090484, 956 N.E.2d 575, 579 (3d Dist. 2011), he gave Richert an explicit roadmap of what she had to prove to recover on this count:

> In this case, the language of the indemnity agreement is ambiguous; we cannot determine whether it was intended to indemnify Richert for claims against her that were allegedly caused by her own behavior. It will be for Richert to ultimately offer evidence to show that both parties intended that result.

ECF No. 86 at 10. However, at no point during the testimonial phase of this trial did Elizabeth Richert proffer any evidence, or even attempt to proffer any evidence, on either her or Anna White's intentions with respect to the ambiguous clause in the Receipt & Release Agreement, which has been admitted into evidence as PX-14 (also identified as DX-1).

Under Fed. R. Civ. P. 52(c), in a bench trial, once a party has been fully heard on an issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. *Aviles v. Cornell Forge Co.*, 241 F.3d 589, 590 (7th Cir. 2001) (affirming district court ruling that the plaintiff failed to provide sufficient evidence for his claim of retaliation under Title VII); *see also Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424 (7th Cir. 2006) (explaining that in a bench trial a motion for a directed verdict is resolved in accordance with Rule 52(c)); *St. Peters v. Shell Oil Co.*, 77 F.3d 184 (7th Cir. 1996) (affirming district court granting of Rule 52 motion where plaintiff had failed to prove the existence of enforceable contract); *Prima Tek II, L.L.C. v. Klerk's Plastic Industries*, 525 F.3d 533 (7th Cir. 2008) (affirming a Rule 52 judgment on partial findings in favor of defendant because plaintiff had not shown materiality of asserted breaches of contract). Because

testimony is now closed, and nothing was offered to address the issue that had to await trial, judgment in plaintiffs' favor is appropriate.

WHEREFORE, for the foregoing reasons, plaintiffs Kathleen White Murphy and Thomas White, as co-administrators of the Estate of Anna M. White, respectively request that this Court enter judgment on Count II of the first amended counterclaim in their favor and against Elizabeth Richert, and grant whatever additional relief the Court deems just under these circumstances.

        Respectfully submitted,

        KATHLEEN WHITE MURPHY and
        THOMAS WHITE, as Co-Independent
        Administrators of the Estate of Anna M. White

        By:  /s/ Paul J. Kozacky

Paul J. Kozacky
Brian P. O'Connor
KOZACKY WEITZEL MCGRATH, P.C.
77 W. Wacker St., Suite 4500
Chicago, Illinois 60601
(312) 696-0900
pkozacky@kwmlawyers.com
boconnor@kwmlawyers.com

Christopher M. Saternus
CHRISTOPHER M. SATERNUS, ATTORNEY AT LAW, P. C.
102 West Emerson Street
Arlington Heights, Illinois 60005
(847) 437-9434
cmsaternus@msn.com